■     In the Matter of the Claim of NICHOLAS PARKER, Appellant, v. WARING INVESTIGATION SERVICE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal from a decision of the Workmen's Compensation Board, filed March 29, 1967. The claimant was employed by the Waring Investigation Service as a special policeman, and resided in the City of Buffalo. On Thursday, August 12, 1965 at 12:45 A.M., the claimant was struck by an automobile while crossing Erie Avenue in the City of Niagara Falls after alighting from his own automobile to cross the street on his way to the Sunset Inn. The employer testified that prior to August 12, 1965, he had directed claimant to call and solicit business at the Sunset Inn. The time and manner of making the call and solicitation were left to claimant's discretion. The claimant testified that on the evening of August 11, 1965, he drove to Niagara Falls accompanied by four other persons. He also testified that he had decided to call and solicit business at the Sunset Inn on August 11, 1965. The claimant told none of the persons who accompanied him as witnesses as to the purpose of the trip to Niagara Falls, and did not produce any witnesses to support his claim that he was soliciting business for his employer. According to the claimant he was accompanied on the trip by one William Herbert and three young ladies. A 15-year-old girl called by the employer testified that she and two other girls met the claimant and a man named Josh in front of a tavern in Buffalo on August 11, 1965 and, that after riding in claimant's car and drinking some beer, they went to Niagara Falls where they stopped at a tavern, and then proceeded to ride around in claimant's car. She further testified that one of the girls had weak kidneys, and stated that she had to use the bathroom when they were in the vicinity of the Sunset Inn, and that the claimant stopped his car in front of the Sunset Inn. All five left the car and, while crossing the street on their way to the Sunset Inn, the claimant and she were struck by a car. She had no knowledge that the trip was for business purposes. The Workmen's Compensation Board determined that " claimant's accident on August 12, 1965 did not arise out of, and in the course of employment, but occurred while he was engaged in a purely personal act." Exactly what was the basis for the board's determination on the issues raised before it, is a matter of mere speculation, and it is impossible to ascertain from its decision the reason for the denial of benefits. (Workmen's Compensation Law, § 23.) The board carefully and specifically sets out testimony of the various witnesses, but fail to reveal which testimony it accepted and which it rejected, resulting in a decision which does not permit intelligent judicial review. " The practice of reciting salient portions of the evidence on both sides of the case seems to us a good one, which should not be discouraged; but ultimately the decision, if it is to be a decision, must state which of the alleged facts in evidence the board has accepted as true." (*Matter of Ferreri* v. *General Auto Driving School*, 22 A D 2d 718; *Matter of Mitskevich* v. *Grumman Aircraft Eng. Corp.*, 27 A D 2d 867, affd. 21 N Y 2d 855; *Matter of Kronwitt* v. *Glickman Corp.*, 28 A D 2d 762; *Matter of Krebbeks* v. *Lakeland Concrete Prods.*, 26 A D 2d 856; *Matter of De Tura* v. *Eastman Meat Markets*, 3 A D 2d 486.) In this case the recitation of testimony is followed by the decision proper, which con-

sists of no more than the conclusory statement quoted above, with no indication whatsoever of the board's factual findings or as to which basis, of the two or more possible ones, the board rested its decision upon. Regrettably enough, the decisions hereinbefore cited seem to indicate the board's continued misapprehension, if not, indeed, its disregard of fundamental and long stated principles and the basic necessity for decisions adequate to permit intelligent judicial review. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for additional findings in clarification of the decision appealed from, or for other proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum Per Curiam.